IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD E. DAVIS,

    **Plaintiff,**

    v.

    Case No. 17-CV-2210-JAR

STATE OF MISSOURI,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Ronald Davis, proceeding *pro se*, filed this action alleging state-law negligence and Fourteenth Amendment due process violations against Defendant State of Missouri for providing local counsel for the California Franchise Tax Board ("FTB") in a separate lawsuit filed in this Court.[1] This matter is before the Court on Defendant's Motion to Dismiss (Doc. 7) for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6). In conjunction with this motion, the Court will also consider (1) Plaintiff's Application for Clerk's Entry of Default (Doc. 4); (2) Defendant's Motion for Extension of Time to File Answer (Doc. 6);[2] and (3) Plaintiff's Motion for the Court to Act

---

[1] The separate lawsuit is *Davis v. Bank of America et al.* (No. 16-2506) before United States District Court Judge Carlos Murguia. The Complaint in *Davis v. Bank of America et al.* alleges Davis was wrongfully taxed $719.87 by the State of California. Davis alleged civil rights violations and state tort law claims against the California Franchise Tax Board, along with his personal bank, Bank of America. On December 23, 2016, the Court dismissed the California Franchise Tax Board from the case under Eleventh Amendment sovereign immunity and based on the principle of comity. No. 16-2506, 2016 WL 7425937, at *3 (D. Kan. Dec. 23, 2016).

[2] This motion for extension of time was deficient for several reasons. First, this was not a motion for extension of time to file the answer because the time to answer had lapsed. D. Kan. Rule 6.1 ("Parties must file the motion [for extension of time] before the specified time expires."). Defendant was served on April 10, 2017, and it did not file the motion for extension of time until May 15, 2017 after the time to answer expired. Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with summons and complaint."). Thus, the motion for extension of time should have been a motion for leave to file the answer out of time. Second, the motion for extension of time did not comply with D. Kan. Local Rule 6.1(a). A motion for extension of time must provide whether there was consultation with the other party, the date when the act was due, if any prior extension was granted, and the cause for the requested extension. Defendant did not include consultation with the other party, the date the act was due, or the cause for the requested extension. *See* Doc. 6.

1

(Doc. 11). These motions are fully briefed,[3] and the Court is prepared to rule. For the reasons explained more fully below, Defendant's Motion to Dismiss (Doc. 7) is **granted**; Plaintiff's Application for Clerk's Entry of Default (Doc. 4) is **moot**; Defendant's Motion for Extension of Time to File Answer (Doc. 6) is **moot**; and Plaintiff's Motion for the Court to Act (Doc. 11) is **moot**.

I. **Legal Standard**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"[4] Federal district courts have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship.[5] "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[6] The "burden of establishing" a federal court's subject matter jurisdiction "rests upon the party asserting jurisdiction."[7]

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) takes one of two forms: a facial attack or a factual attack.[8] A "facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint," and in reviewing a facial attack on the complaint, "a district court must accept the allegations in the

---

[3] There was no reply filed in response to the motion to dismiss. However, Defendant had fourteen days from the filing and service of the response to do so, which expired on June 2, 2017. D. Kan. Rule 6.1(d)(2). Thus, the time to reply has passed.

[4] *Gunn v. Minton*, 568 U.S. 251, 251 (2013) (citation omitted).

[5] 28 U.S.C. § 1331; 28 U.S.C. § 1332.

[6] *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1152 (10th Cir. 2015) (citing *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013)).

[7] *Id.* at 1151.

[8] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

complaint as true."[9] In reviewing a factual attack, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends," which does not allow a reviewing court to "presume the truthfulness of the complaint's factual allegations."[10] Rather, a court has "wide discretion to allow affidavits, other documents, and [to conduct] a limited evidentiary hearing to resolve disputed jurisdictional facts" under Rule 12(b)(1).[11]

Because plaintiff proceeds *pro se*, the court must construe his filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.[12] This liberal standard requires the court to construe a *pro se* plaintiff's pleadings as stating a valid claim if a reasonable reading of them allows the court to do so "despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[13] However, the court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."[14] Also, the requirement that the court must read a *pro se* plaintiff's pleadings broadly "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized

---

[9] *Jemez*, 790 F.3d at 1148 n.4 (citing *Holt*, 46 F.3d at 1002).

[10] *Id.* (citing *Holt*, 46 F.3d at 1003).

[11] *Id.* (citing *Holt*, 46 F.3d at 1003).

[12] *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[13] *Hall*, 935 F.2d at 1110.

[14] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

legal claim could be based."[15] And, a plaintiff's *pro se* status does not excuse him from complying with federal and local rules.[16]

**II.     Discussion**

Plaintiff's Complaint asserts claims against the State of Missouri under the Fourteenth Amendment's Due Process Clause, which the Court liberally construes as arising under 42 U.S.C. § 1983,[17] and state-law negligence. Defendant moves to dismiss these claims under Fed. R. Civ. Pro. 12(b)(1). It asserts that the Eleventh Amendment bars Plaintiff's claim against Defendant, and thus the Court lacks subject matter jurisdiction. The Court agrees, so it does not reach the issue of dismissal under Rule 12(b)(6).

**A.     Sovereign Immunity**

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment grants immunity that "accord[s] states the respect owed them as joint sovereigns," "applies to any action brought against a state in federal court, including suits initiated by a state's own citizens," and "applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages."[18] "The ultimate guarantee of the Eleventh

---

[15] *Hall*, 935 F.2d at 1110.

[16] *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants." (emphasis added) (citations and internal quotation marks omitted)).

[17] Plaintiff cites "42 U.S.C. § 2000d-7 under provisions of Civil rights code 1964" for protection of his rights. Doc. 1 at 5. Thus, the pleading seeks relief under 42 U.S.C. § 2000d, but Plaintiff does not allege discrimination on account of race, color, or national origin. Rather, liberally construing the pleading, the Court finds Plaintiff likely intended to assert his Fourteenth Amendment rights under 42 U.S.C. § 1983.

[18] *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) (citations omitted).

Amendment is that nonconsenting States may not be sued by private individuals in federal court."[19]

However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:

> First, a state may consent to suit in federal court.  Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment.  Finally, under *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.[20]

Defendant argues that none of these exceptions are applicable, and that it is entitled to sovereign immunity.

First, Defendant never waived its Eleventh Amendment immunity by expressly consenting to suit in federal court under § 1983.  The "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one."[21]  The court "will find a waiver either if the State voluntarily invokes our jurisdiction, or else if the State makes a 'clear declaration' that it intends to submit itself to our jurisdiction."[22]  "In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'"[23]  The State of Missouri has not

---

[19] *Levy v. Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015) (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)).

[20] *Id.* (citing *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered)).

[21] *Id.* at 1170 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)).

[22] *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999) (internal citations and quotation marks omitted).

[23] *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (citing *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

consented to suit under 42 U.S.C. § 1983.[24] Moreover, a state is not a person for purposes of § 1983.[25] This exception to sovereign immunity is inapplicable

Second, Congress has never abrogated Defendant's Eleventh Amendment immunity through a valid exercise of its power. Congress has not abrogated the states' immunity under § 1983.[26] This exception to sovereign immunity is inapplicable.

Lastly, the exception for suits challenging the constitutionality of a state official's action enforcing state law is also not applicable. The Supreme Court has held that such a suit is not one against the state itself.[27] Here, there are no state officials named. Also, Plaintiff's Complaint never seeks any form of injunctive or declaratory relief. Thus, the *Ex Parte Young* exception does not apply here.

For all these reasons, the Eleventh Amendment confers sovereign immunity on Defendant for the Fourteenth Amendment due process claim arising under 42 U.S.C. § 1983. The Court lacks subject matter jurisdiction over Plaintiff's § 1983 claim. And consequently, it grants Defendant's Motion to Dismiss as to Plaintiff's § 1983 claim.

---

[24] *Watson v. Missouri*, No. 15-9930, 2016 WL 1359868, at *3 (D. Kan. Apr. 6, 2016) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989); *Nelson v. Geringer*, 295 F.3d 1082, 1096 (10th Cir. 2002) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 & n.13 (10th Cir. 1998)).

[25] *Id.* (citing *Will*, 491 U.S. at 64-67; *accord Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001); *McLaughlin v. Bd. of Trs. of State Coll. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000); *Ellis*, 163 F.3d at 1196).

[26] *Id.*; *see also Ellis*, 163 F.3d at 1196 (citing *Quern*, 440 U.S. at 345).

[27] *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citing *Ex Parte Young*, 209 U.S. 123, 159–60 (1908)).

B. **Supplemental Jurisdiction**

Beyond his § 1983 claim, Defendant also asserts state-law negligence against Defendant. There is no diversity jurisdiction in this case.[28] Given the lack of diversity jurisdiction, the Court would need to assert supplemental jurisdiction over the state-law negligence claim. Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction."[29] The Court considers "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction."[30]

Here, there was federal question jurisdiction arising under 28 U.S.C. § 1331 given the assertion of a § 1983 claim. The Court has dismissed the § 1983 claim as barred by sovereign immunity. To the extent Plaintiff alleges state-law negligence, it was closely intertwined with the due process allegations underlying the § 1983 claim. All of Plaintiff's claims relate to Defendant acting as local counsel in his previous lawsuit. This weighs against the exercise of

---

[28] See 28 U.S.C. § 1332 (allowing for federal jurisdiction when the parties are citizens of a different state and the amount in controversy exceeds $75,000). The State of Missouri is not a citizen for purposes of diversity jurisdiction. *State Ins. Fund v. Ace Transp. Inc.*, 195 F.3d 561, 563 (10th Cir.1999) ("A state, or the arm or alter ego of a state, however, does not constitute a 'citizen' for diversity purposes.") (quoting *Moor v. Cty. of Alameda*, 411 U.S. 693, 717 (1973)); *see also Dougherty v. Univ. of Okla. Bd. of Regents*, 415 F. App'x. 23, 25 (10th Cir. 2011).

[29] 28 U.S.C. § 1367(c)(3); *see Estate of Harshman v. Jackson Hole Mountain Resort*, 379 F.3d 1161, 1164 (10th Cir. 2004) ("Seeking to vindicate values of economy, convenience, fairness, and comity underlying the judicially-created doctrine of pendent jurisdiction, Congress granted statutory authority to district courts to hear claims that form 'part of the same case or controversy' as the claims on which original federal jurisdiction is based.").

[30] *Anglemyer v. Hamilton Cty. Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995) (quoting *Thatcher Enter. v. Cache Cty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990)).

supplemental jurisdiction over his state-law claims.[31]  The Court, therefore, declines to exercise jurisdiction over the state-law negligence claim.  Thus, the Court grants Defendant's Motion to Dismiss as to Plaintiff's state-law negligence claim.

Because the Court dismisses this matter in its entirety, it finds Defendant's Motion for Extension of Time to File Answer, Plaintiff's Motion for the Court, and Plaintiff's Application for Clerk's Entry of Default as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 7) is **granted**; Plaintiff's Application for Clerk's Entry of Default (Doc. 4) is **moot**; Defendant's Motion for Extension of Time to File Answer (Doc. 6) is **moot**; and Plaintiff's Motion for the Court to Act (Doc. 11) is **moot**.

**IT IS SO ORDERED.**

Dated: June 26, 2017

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE

---

[31] *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").