**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RONALD E. DAVIS,**

    **Plaintiff,**

    v.

**STATE OF MISSOURI,**

    **Defendant.**

Case No. 17-CV-2210-JAR

**MEMORANDUM AND ORDER**

On June 26, 2017, the Court issued a Memorandum and Order in this case granting Defendant's Motion to Dismiss and denying as moot Plaintiff's Application for Clerk's Entry of Default, Motion for Extension of Time to File Answer, and Motion for the Court to Act.[1] The Court entered a judgment dismissing this case the same day. This matter now comes before the Court on two post-judgment motions Plaintiff filed on July 7, 2017, and July 8, 2017, respectively: Plaintiff's Motion for Relief from Judgment (Doc. 14) and Plaintiff's Motion for Disqualification of Justice[,] Judge, or Magistrate Judge (Doc. 15). Defendant did not respond to Plaintiff's motions. Thus, the motions are fully briefed and the Court is prepared to rule. For the reasons explained below, the Court denies Plaintiff's motions.

**I.  Motion for Relief from Judgment**

Plaintiff moves for relief from judgment under Fed. R. Civ. P. 60(b). "Relief under Rule 60(b) is extraordinary and limited to certain exceptional circumstances."[2] Under Rule 60(b),

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[1] Doc. 12.

[2] *United States v. Johnson*, 934 F. Supp. 383, 385 (D. Kan. 1996) (citing *Nutter v. Wefald*, 885 F. Supp. 1445, 1449 (D. Kan. 1995)).

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"Thus, a motion for reconsideration [or motion for relief from judgment] is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[3] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[4] A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion for relief from judgment.[5] Whether to grant a motion for relief from judgment under Rule 60(b) is left to the Court's discretion.[6]

Plaintiff generally cites "overreach of authority, obstruction of process, [and] violation of the plaintiffs [sic] due process and prior case law" as bases for relief from the Court's judgment.[7] Plaintiff also argues repeatedly that sovereign immunity does not apply to this case. Additionally, Plaintiff "charges fraud on the court."[8] Specifically, "[t]he plaintiff charges that

---

[3] *Servants of Paracelete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[4] *Steele v. Young,* 11 F.3d 1518, 1520 n.1 (10th Cir.1993); *see also* Charles Alan Wright, et al., Federal Practice & Procedure: Civil 2d § 2810.1 ("The Rule 59(e) motion may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

[5] *Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, No. 11-2059-KHV, 2013 WL 139750, at *1–2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)).

[6] *Johnson*, 934 F. Supp. at 385 (citing *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1145–46 (10th Cir. 1990)).

[7] Doc. 14 at 1.

[8] *Id.* at 6.

the [C]ourt and the defendant know the law and are guilty of fraud to defeat the plaintiff of due process of law."[9]  Finally, Plaintiff appears to argue that the judgment is void.[10]

Having considered Plaintiff's arguments, the Court finds that there are no "exceptional circumstances" as set forth under Rule 60(b) to warrant relief from the judgment entered in this case.  Plaintiff's arguments of fraud, void judgment, and general "overreach of authority" are conclusory and not supported by any specific factual assertions or arguments by Plaintiff. Additionally, Plaintiff's argument regarding the application of sovereign immunity is simply a rehash of arguments he made in opposing Defendant's motion to dismiss, and which the Court thoroughly considered in its previous Memorandum and Order.[11]  Accordingly, the Court finds that relief from judgment is not warranted.  Plaintiff's motion for relief from judgment is denied.

## II.   Motion for Disqualification of Judge

Under 28 U.S.C. § 455(a), "any justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned."  Section 455(b)(1) provides that a judge must also recuse herself where she "has a personal bias or prejudice concerning a party."  Plaintiff advances several reasons why he believes the Court should recuse itself from this case.  As explained below, each of these reasons is unavailing.

First, Plaintiff argues the Court "failed to understand the abrogation of the 11th amendment and Sovereign Immunity."[12]  As explained above, however, the Court thoroughly considered the parties' arguments as to sovereign immunity in its previous Memorandum and

---

[9] *Id.* at 9.

[10] *Id.* at 8 (citing case law discussing effect of a void judgment).

[11] *See* Doc. 9 at 1 ("The Defendant has no Sovereign Immunity when acting outside the sphere of Sovereign duty"); Doc. 10 at 8 (Plaintiff arguing that "Defendant is not entitled to Eleventh amendment immunity"); Doc. 12 at 4–6 (Court considering sovereign immunity issue).

[12] Doc. 15 at 1.

Order,[13] and Plaintiff's conclusory arguments do not convince the Court that its ruling on this issue was in error.  Specifically, Plaintiff argues the Court failed to consider *South Dakota v. Dole*[14] in reaching its decision.  In *Dole*, the Supreme Court held that Congress' act in conditioning a grant of federal highway funds to South Dakota on the State's adoption of a minimum drinking age of 21 was a valid exercise of Congress' spending power.[15]  *Dole* does not provide guidance as to the sovereign immunity issues in this case.  Plaintiff also invokes 42 U.S.C. § 2000d-7, which abrogates sovereign immunity with respect to claims brought under certain federal civil rights and anti-discrimination statutes.  Plaintiff does not bring a claim under any of these statutes.  Accordingly, the Court finds that it did not err in not analyzing *Dole* or § 2000d-7, or otherwise in resolving the sovereign immunity issue.  Even if the Court found that it had misapprehended the law, this alone does not provide a basis for disqualification from a case.[16]

Second, Defendant repeats his claims that the Court's judgment is void and that the Court and Defendant committed fraud.  As with his parallel arguments in his motion for relief from judgment,[17] these arguments are conclusory and do not require the Court to recuse itself from this case.  Finally, Plaintiff makes the conclusory statement that "the court has violated plaintiffs [sic] consideration to law and regulation, and in fact favored the defendants."[18]  Plaintiff does not support this argument of bias with any evidence in the Record or any specific allegations.  Personal bias played no role in the Court's previous rulings.  To the contrary, as the Court's

---

[13]*See supra* Part I.

[14]483 U.S. 203 (1987).

[15]*Id.* at 210–12.

[16]*See* 28 U.S.C. § 455.

[17]*See supra* Part I.

[18]Doc. 15 at 2.

previous Memorandum and Order demonstrates, the Court thoroughly considered Plaintiff's arguments and construed his filings liberally.[19]  Plaintiff has not set forth a basis under § 455 for disqualification of the Court in this case.  Accordingly, the Court denies Plaintiff's motion for disqualification.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Relief from Judgment (Doc. 14) is **denied**.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion for Disqualification of Justice[,] Judge, or Magistrate Judge (Doc. 15) is **denied**.

**IT IS SO ORDERED.**

Dated: November 13, 2017

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[19] Doc. 12 at 3.